UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID PANNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:17-CV-220 JD |
| v. ) | |
| ) | |
| JANICE ANTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

David Pannell, a *pro se* prisoner, filed a case in the LaPorte Superior Court (46D01-1702-PL-325), which the defendants removed to this court on February 21, 2017. Pannell has now filed an amended complaint under 42 U.S.C. § 1983. ECF 9. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Pannell is a convicted inmate and currently housed at the Indiana State Prison ("ISP"). He alleges that false disciplinary charges were filed against him by ISP law librarian Janice Anton on January 12, 2015, when she wrote a conduct report alleging that Pannell

committed "Intimidation" against her during a law library visit. In case number ISP 15-01-0074, Pannell was found guilty by a disciplinary hearing officer of that charge. *Pannell v. Superintendent*, Case No. 3:15-CV-208 (N.D. Ind. filed May 18, 2015). Pannell argues that he is not guilty, and that Anton only wrote that conduct report in retaliation for his filing other grievances. However, this is not the proper proceeding to challenge the prison disciplinary hearing board's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted). Here, Pannell admits that he was found guilty of that offense, (ECF 9 at 11), and has not alleged that the finding of guilt has since been invalidated. Because a finding of liability in this case would inherently undermine the validity of his disciplinary hearing, he may not proceed with this claim against Janice Anton until that finding of guilt is overturned on administrative appeal or in a habeas corpus proceeding.

Next, Pannell complains that Captain Tibbles and Correctional Caseworker Miller moved him to administrative segregation because he was charged with Threatening. Pannell argues that being moved to segregation before he was found guilty violated his due process rights. However, it did not. "Discipline by prison officials in response to a wide range of misconduct falls within

2

the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Convicted inmates, like Pannell, can be placed in segregation without implicating their due process rights. *Id.*

Finally, Pannell complains that he was held in segregation from the time he was charged until the time he was found guilty. Notably, this was only a fourteen day period. *Pannell*, Case No. 3:15-CV-208, ECF 8 at p. 1 (recounting that Pannell was charged on January 12, 2015, and found guilty on January 26, 2015). While placement in long-term segregation approaching a year or more can implicate a liberty interest, *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009), being placed in segregation for fourteen days does not. *Townsend v. Fuchs*, 522 F.3d 765 (7th Cir. 2008) (noting that inmate had no liberty interest when placed in segregation for fifty-nine days). Indeed, "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a claim is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here.

For the foregoing reasons, the court:

(1) **DISMISSES without prejudice** the claim against Janice Anton;

(2) **DISMISSES with prejudice** the remaining claims; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED.

ENTERED: May 5, 2017            /s/ JON E. DEGUILIO
                                                                            Judge
                                                                         United States District Court